**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

**DOCKET NO. 22-13300**

ALAN RODEMAKER,

Appellant,

-vs-

CITY OF VALDOSTA BOARD OF EDUCATION, et al.

Appellees.

**REPLY BRIEF OF APPELLANT**

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA, VALDOSTA DIVISION
DISTRICT COURT NO. 7:21-CV-00076-HL

Brent J. Savage
Georgia Bar No. 627450
Kathryn Hughes Pinckey
Georgia Bar No. 376110
SAVAGE & TURNER, P.C.
102 E. Liberty Street, 8th Floor
Post Office Box 10600
Savannah, Georgia  31412
(912) 231-1140

**ATTORNEYS FOR APPELLANT**

*Appeal No.22-13300*
*Rodemaker v. City of Valdosta BOE, et al.*

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ALAN RODEMAKER,

      Plaintiff/Appellant,

-vs-

CITY OF VALDOSTA BOARD OF
EDUCATION, or, in the Alternative,
VALDOSTA CITY SCHOOL
DISTRICT, et al.,

      Defendants/Appellees.

APPEAL NO. 22-13300

### PLAINTIFF'S CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, the undersigned counsel of record for Appellant hereby certifies that the following is a full and complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcomes of this case including subsidiaries, conglomerates, affiliates, parent corporations, publicly held corporations that own 10% or more of a party's stock, and other identifiable legal entities related to a party:

      - Bell, Debra;

*Page C-1 of 4*

*Appeal No.22-13300*
*Rodemaker v. City of Valdosta BOE, et al.*

- Brown, Kelisa;

- City of Valdosta Board of Education

- Valdosta City School District, Defendant/Appellee;

- Dennis, Sam D., attorney representing Plaintiff/Appellant;

- Fulp & Holt, PC, a law firm representing Plaintiff/Appellant;

- Holt, John D., attorney representing Plaintiff/Appellant;

- Howard, Tyra,

- Jones & Cork, law firm representing Defendants/Appellees;

- Joyce, Thomas W., attorney representing Defendants/Appellees;

- Lawson, the Hon. Hugh, U.S. District Court Judge;

- Lee, Warren;

- McDavid, William B.; attorney representing Defendants/Appellees;

- Oren, Brandon A., attorney representing Defendants/Appellees;

- Pinckney, Kathryn Hughes, attorney for Plaintiff/Appellant;

- Sam D. Dennis, PC, law firm representing Plaintiff/Appellant;

- Savage, Brent J., attorney for Plaintiff/Appellant;

- Shumphard, Liz;

*Appeal No.22-13300*
*Rodemaker v. City of Valdosta BOE, et al.*

- Rodemaker, Alan, Plaintiff/Appellant;

- Savage & Turner, P.C., law firm representing Plaintiff/Appellant;

- Turner, Robert Bartley, member of law firm representing

Plaintiff/Appellant.

- W. Kerry Howell, LLC, law firm representing

Defendants/Appellees;

## CORPORATE DISCLOSURE STATEMENT

As a natural person, Appellant, Alan Rodemaker, has no parent corporation,

nor is there any publicly held corporation that owns 10% or more of Appellant's

stock.

This  10th  day of  May , 2023.

/s/ ***Brent J. Savage***
Brent J. Savage
Georgia Bar No.  627450
E-mail: bsavage@savagelawfirm.net

*Page C-3 of 4*

*Appeal No.22-13300*
*Rodemaker v. City of Valdosta BOE, et al.*

/s/ ***Kathryn Hughes Pinckney***
Kathryn Hughes Pinckney
Georgia Bar No.  376110
E-mail: kpinckney@savagelawfirm.net

SAVAGE & TURNER, P. C.
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140
(912) 232-4212 - fax

## <u>TABLE OF CONTENTS</u>

CERTIFICATE OF INTERESTED PERSONS. . . . . . . . . . . . . . . . . . . . . . . . . . C-1

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *i*

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *ii*

ARGUMENT AND CITATIONS TO AUTHORITY . . . . . . . . . . . . . . . . . . . . . . 1

     I.      *"Rodemaker I"* and *"Rodemaker II"* are Not the Same Cause of

              Action for Purposes of Claim Preclusion . . . . . . . . . . . . . . . . . . . . . . . 2

     II.     The Appellant School District and the Individual Board

              Members are Not in Privity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

     III.    Allowing this Title VII Claim to Proceed is Consistent with the

              Existing Framework of Claim Preclusion . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

## <u>TABLE OF CITATIONS</u>

*Cases:*

<u>Baloco v. Drummond Co., Inc.</u>., 767 F. 3d 1229 (11th Cir. 2014) . . . . . . . . . . . . . 2

<u>Blash v. City of Hawkinsville</u>, 856 Fed. App'x 259 (11th Cir. 2021) . . . . . . . . . . 4

<u>Brewer v. Schacht</u>, 235 Ga. App. 313 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

<u>Busby v. City of Orlando</u>, 931 F.2d 764 (11th Cir. 1991) . . . . . . . . . . . . . . . . . . . 3

<u>Butts v. Cty. of Volusia</u>, 222 F.3d 891 (11th Cir. 2000) . . . . . . . . . . . . . . . . . . . . 3

<u>Case v. Eslinger</u>, 555 F.3d 1317 (11th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . 4

<u>Comcast Corp. v. Nat'l Ass'n of Afr. Am. Owned Media</u>,

    140 S. Ct. 1009 (2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

<u>Davis v. Davis</u>, 551 Fed. Appx. 991 (11th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . 7, 8

<u>Citibank, N.A. v. Data Lease Fin. Corp.</u>, 904 F.2d 1498

    (11th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

<u>Gross v. FBL Fin. Servs., Inc.</u>, 557 U.S. 167 (2009) . . . . . . . . . . . . . . . . . . . . . . . 4

<u>Kaiser Aerospace & Elecs. Corp. v. Teledyne Indus., Inc.</u>

    <u>(In re Piper Aircraft Corp.)</u>, 244 F.3d 1289 (11th Cir. 2001) . . . . . . . . . . 1, 2

<u>Lewis v. City of W. Palm Beach</u>, 561 F.3d 1288 (11th Cir. 2009) . . . . . . . . . . . . 5

<u>Monell v. Dep't of Soc. Servs. of City of N.Y.</u>, 436 U.S. 658 (1978) . . . . . . . . 7, 8

<u>Quigg v. Thomas Cty. Sch. Dist.</u>, 814 F.3d 1227 (11th Cir. 2016) . . . . . . . . . . . 10

<u>Ragsdale v. Rubbermaid, Inc.</u>, 193 F.3d 1235 (11th Cir. 1999) . . . . . . . . . . . . . . 1

<u>Rodemaker v. Shumphard</u>, 859 F. App'x 450 Cir. 2021). . . . . . . . . . . . . . . . . . . . 4

<u>Saucier v. Katz</u>, 533 U.S. 194 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

<u>Sheba Ethiopian Rest., Inc. v. Dekalb County, Ga.</u>, 820 F. App'x

     889 (11th Cir. 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

<u>Taylor v. Sturgell</u>, 533 U.S. 880 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

<u>Williams v. Bd. of Regents of Univ. Sys. of Georgia</u>,

     477 F.3d 1281 (11th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

***Statues:***

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

42. U.S.C. § 2000e et seq.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 9

## ARGUMENT AND CITATIONS TO AUTHORITY

For the defense of res judicata to apply, each of the following four requirements must be met: 1) a final judgment on the merits; 2) rendered by a court of competent jurisdiction; 3) identity of parties; and 4) the same cause of action is involved in both cases. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999) (citing Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498 (11th Cir. 1990)); see also  Kaiser Aerospace & Elecs. Corp. v. Teledyne Indus., Inc. (In re Piper Aircraft Corp.), 244 F.3d 1289, 1296 (11th Cir. 2001).  If even one of the four elements of "claim preclusion" have not been satisfied, the res judicata defense fails.

At issue in this matter are the issues of identity of the parties and identity of the cause of action.  In this Reply Brief, Appellant Coach Rodemaker will address arguments raised by the Appellee.

For purposes of this Reply Brief, the Appellant Coach Rodemaker will identify the two pertinent civil actions using the same nomenclature adopted by the School District:  "*Rodemaker I*" references the 42 U.S.C. Section 1983 Action filed by Coach Rodemaker against the individual Board Members in their individual capacities, and *"Rodemaker II"* references the instant Title VII Action filed by Coach Rodemaker against the Valdosta City School District.

I.    *"Rodemaker I"* and *"Rodemaker II"* are Not the Same Cause of Action for Purposes of Claim Preclusion.

Appellant School District argues that the "same cause of action" analysis requires evaluation of whether the two cases arise out of the "same nucleus of operative facts." (Appellee Brief at 8).[1]  This review asks the Court to "compare the substance of the actions, not their form." In re Piper Aircraft, 244 F.3d 1289, 1297 (11th Cir. 2001)).  As a general matter, a case arises from the "same operative facts" if based on the same factual predicate. Id. at 1297 (11th Cir. 2001).  But even though res judicata applies "not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the nucleus of operative fact," to be barred, these legal claims and theories "could have been raised in the prior case." Baloco v. Drummond Co., Inc.., 767 F. 3d 1229, 1247 (11th Cir. 2014).  Because the School District was not party in *"Rodemaker I"*, the Title VII claim could not have been brought in that suit.

Even though both cases arise from the School Board's decision not to renew Coach Rodemaker's coaching contract, the claims are different in that they identify

---

[1]  Contrary to the assertion of the Appellee, Appellant did address whether *"Rodemaker I"* and *"Rodemaker II"* arose from the same cause of action. See Brief of Appellant, at pp. 40-50.  The analysis concentrated on the critical differences between a claim brought under 42 U.S.C. §§ 1981/1983 and Title VII.

- 2 -

not only different legal causes of action, but more importantly, different

Defendants.  As previously argued, to bring the "Title VII" claims in "*Rodemaker*

*I*" would have required addition of a <u>party</u>, i.e., the School District, as well as the

amendment of the complaint to add the Title VII claims once the "right to sue"

letter was obtained.

As previously noted, a claim under Title VII against an employer for race

discrimination is distinct from a claim for racial discrimination against individual

government officials brought pursuant to 42 U.S.C. §§ 1981 and 1983.[2]  The relief

afforded by Title VII is "against the employer, not individual employees whose

actions would constitute a violation of" Title VII.  <u>Busby v. City of Orlando</u>, 931

F.2d 764, 772 (11th Cir. 1991).  In comparison, the Section 1981 claim in

*Rodemaker I* was filed against the individual board members in their individual

capacities.  In "*Rodemaker I,"* this Court recognized the difference between the

substance of claims for violation of Section 1983/1981 and Title VII:

> In an employment-discrimination context, the elements for §§ 1981
> and 1983 are identical to those required to prove intentional
> discrimination under Title VII. [cits].  To state a claim under Title VII,
> a plaintiff must show that (1) he is a member of a protected class, (2)
> he was qualified for the position, (3) he suffered an adverse

---

[2]  In <u>Butts v. Cty. of Volusia</u>, this Court concluded that Section 1983
"contains the sole cause of action against state actors for violations of § 1981."
<u>Butts</u>, 222 F.3d 891, 892 (11th Cir. 2000).

employment action, and (4) he was treated less favorably than a
similarly-situated individual outside his protected class. [cits].  One
key difference, significant here, is that a § 1981 plaintiff "must
initially plead and ultimately prove that, but for race, it would not
have suffered the loss of a legally protected right."

Rodemaker v. Shumphard, 859 F. App'x 450, 451-52 (11th Cir. 2021) (internal

citations omitted).  In comparison, "a Title VII plaintiff need only show that a

protected characteristic was a 'motivating factor' for an adverse employment

action). Id. (citing Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 174 (2009)).

Other critical distinctions exist between a Section 1981/1983 claim for racial

discrimination filed against a government official in his or her individual capacity,

and a Title VII claim filed against the employing entity.  First, for liability to attach

to the individual official, he or she must have personally participated in the alleged

discriminatory action.  See Blash v. City of Hawkinsville, 856 Fed. Appx. 259, 268

(11th Cir. 2021) (not published) (citing Williams v. Bd. of Regents of Univ. Sys. of

Georgia, 477 F.3d 1281, 1299 (11th Cir. 2007)).  Second, the government official

acting in his or her individual capacity can defeat liability through demonstrating

entitlement to the defense of "qualified immunity," which protects the individual

official from liability for actions taken with in the scope of their discretionary

authority, Case v. Eslinger, 555 F.3d 1317, 1325 (11th Cir. 2009), unless the

- 4 -

plaintiff can demonstrate that the official <u>is not</u> entitled to qualified immunity. <u>Lewis v. City of W. Palm Beach</u>, 561 F.3d 1288, 1291 (11th Cir. 2009).[3]

This creates a scenario where an individual government official sued in his individual capacity could escape personal individual liability for his participation in the adverse employment action, but the adverse employment action itself could still be actionable under Title VII.

Although the claims arise from the School District's non-renewal, the differences in the two causes of action and the matters of proof indicate that they are not "the same cause of action."

## II.    The Appellant School District and the Individual Board Members are Not in Privity.

Coach Rodemaker argues that the individual School Board Members, previously sued in their individual capacities, are not in privity with the School

---

[3] Analysis of the "qualified immunity" defense typically involves a "two step" process:

> a court first determines whether the officer's conduct amounted to a constitutional violation.  Second, the court analyzes whether the right violated was 'clearly established' at the time of the violation. <u>Id</u>. The intention is to 'ensure that before they are subjected to suit, officers are on notice that their conduct is unlawful.'

<u>Lewis v. City of W. Palm Beach</u>, 561 F.3d 1288, 1291 (11th Cir. 2009) (<u>citing</u> <u>Saucier v. Katz</u>, 533 U.S. 194, 206 (2001)).

Board itself.  In so arguing, he relies primarily on case law addressing the

relationship between individual government officials and the government entities

they serve.  See Brief of Appellant, pp. 23 to 36.

Acknowledging the lack of Eleventh Circuit authority on point, both parties

have looked to cases from other jurisdictions or that arise in other factual/legal

contexts for the answer.  The Appellant will address some of the arguments and

persuasive authority cited by the School District below.

In his opening Brief, Coach Rodemaker argued that because a government

entity cannot be liable for the acts of its agents under a theory of vicarious liability,

there can be no privity between a government official sued in his individual

capacity and the entity he serves.  (Brief of Appellant at 26).  In response, the

School District argues that "when the alleged individual wrongdoers had final

decision making authority for the entity, the claims against the entity rest only on

the acts of the individual agents."  (Appellee Brief at 20).

In the context of this Title VII action, the adverse employment decision is

that of the School Board.  While the individual members of the Board voted to

non-renew the coaching contract, none of them could act alone - it took five votes

to defeat the motion for renewal.  None of these individuals had, on their own,

policy making authority for the School District.  None of these individuals could

have been sued for their violation of Title VII. And, the acts of each individual, taken alone, can be said to represent the "policy" of the School District.

In <u>Davis v. Davis</u>, 551 Fed. Appx. 991 (11th Cir. 2014) (unpublished), the Court was faced with two successive civil actions filed against individual government officials and government entities. In the first suit, the plaintiff sued law enforcement officers in their official capacities and the Sheriff. The first action was dismissed in its entirety, and the plaintiff filed a second action, this time naming the Sheriff and three individual deputies in their individual capacities. The Court concluded that res judicata barred the second claim against the Sheriff as he was a named party in both actions. However, as the deputies were only sued in their official capacities in the first action, the "individual capacity" claims against the deputies were not barred by res judicata. <u>Id</u>. at 997.

In reaching this conclusion, the Court noted that "a substantial legal relationship between an employer and his employee may create privity for purposes of res judicata when the employer is vicariously liable for the employee's acts." (<u>Id</u>. at 997 (citing <u>Citibank, N.A. v. Data Lease Fin. Corp</u>., 904 F.2d 1498, 1502-03 (11th Cir. 1990)). But, the Court concluded, "[t]his type of privity does not exist here because under <u>Monell v. Dep't of Soc. Servs. of City of N.Y.</u>, 436

U.S. 658 (1978), [the Sheriff] cannot, as a matter of law, be vicariously liable for the § 1983 violations of the three deputy sheriffs." Id.

The Court in Davis also rejected privity on the grounds of "adequate representation," or that the interests of the three individual sheriffs were adequately represented in the first action. It limited the "adequate representation" privity concept to "representative litigation, like class actions or cases litigated by trustees or guardians." Id. at 997 (citing Taylor v. Sturgell, 533 U.S. 880 (2008)).

In Sheba Ethiopian Rest., Inc. v. Dekalb County, Ga., 820 F. App'x 889 (11th Cir. 2020) (unpublished), the Court addressed the application of res judicata to a restaurant owner's challenge to decisions by a county zoning board. The Court applied Georgia law to determine whether a state court judgment barred a subsequent action in federal court. Id. at 895 n.2. Like the federal test, the Georgia test for res judicata considers whether the parties in the first and second actions are in privity. Id. at 897.

The School District relies on Sheba to argue that privity is established based on the conspiracy allegations appearing in the complaint. As an initial matter, those allegations were raised against the five individual board members in their individual - not official - capacities. (Complaint, Doc. 1-1, para. 81 to 89). And, the conspiracy in Sheba was an alleged conspiracy between all defendants - the

- 8 -

County <u>and</u> the individual defendants, and it was these allegations that formed the basis of the conclusion that the previous claims in favor of the County in the prior action had preclusive effect on the individual capacity claims against the government officials.[4] <u>Id</u>. at 899.

### III. Allowing this Title VII Claim to Proceed is Consistent with the Existing Framework of Claim Preclusion.

The School District argues that allowing Coach Rodemaker's Title VII claim to proceed somehow undermines the finality of decisions and gives him "two bites at the apple." (Appellee Brief at 34, et seq.).

Instead, a ruling that the prior individual capacity claims bar the instant Title VII claims deprives Coach Rodemaker of a claim given him by Congress. He followed the required procedures before bringing his claim, by obtaining a "right to sue" letter from the EEOC. This letter was not available to him when he filed his initial action, and was not issued until well after appeal of the District Court's denial of the Individual Board Members' Motion to Dismiss was underway. The School District has pointed to no authority which indicates that Coach Rodemaker was required to file his Title VII claim against the School District itself with the

---

[4] This privity conclusion was based on a Georgia state law decision, <u>Brewer v. Schacht</u>, 235 Ga. App. 313 (1998).

Section 1981/1983 claims against the individual Board Members.  To do so requires addition of a party and of a substantive cause of action.

The School District argues that allowing Coach Rodemaker's claims to proceed creates a potential for abuse is unfounded.  Its position is premised on the potential that a plaintiff could decide that "two shots are better than one," and file separate Section 1981 Suits and Title VII actions.  The claims exist regardless, and adhering to the rule of "privity" in government liability cases does not increase the number of claims.

For example, an individual board member in a Section 1981/1983 case could argue successfully that race was not the "but for" cause of his or her individual vote for termination.  See Comcast Corp. v. Nat'l Ass'n of Afr. Am. Owned Media, 140 S. Ct. 1009, 1019 (2020) (stating that in a Section 1981 discrimination claim, a plaintiff must demonstrate that "but for race, it would not have suffered loss of a legally protected right.")  But the government entity could still face liability for the discharge under Title VII and/or Section 1981 based on the votes of the other board members.  See generally, Quigg v. Thomas Cty. Sch. Dist., 814 F.3d 1227, 1244 (11th Cir. 2016).[5]

---

[5]  In Quigg, the plaintiff sued individual board members and the government entity for violations of Title VII and Section 1981/1983.  The court analyzed the claims against the individual board members separately, allowing some to avoid

## **CONCLUSION**

The claims brought against the Individual Board Members in the Section 1983 case were claims brought against them in their **individual**, not **official**, capacities.  These are claims separate and apart from claims brought in this Title VII action against the School District.  The School Board cannot claim res judicata based on the prior adjudication in favor of the Individual Defendants who were sued in their individual capacities.

To bring the Title VII claims in the first action would have required addition of the employer as a party as well as addition of a claim for relief.  The Title VII Claim could not have been brought in the prior suit, and to invoke the doctrine of res judicata to bar this separate claim against a separate defendant unjustly deprives the Appellant of a remedy and of a cause of action.

The decision of the District Court must be reversed, and this issue remanded for further consideration.

---

liability through summary judgment an requiring others to defend the claims at trial.

**THIS _10th_ DAY OF _MAY_, 2023.**

SAVAGE & TURNER, P.C.

By:    /s/ Kathryn Hughes Pinckney
        Brent J. Savage
        Georgia Bar No. 627450
        Kathryn Hughes Pinckney
        Georgia Bar No. 376110

102 East Liberty Street, 8th Floor
Post Office Box 10600
Savannah Georgia 31412
Phone:  (912) 231-1140
Fax: (912) 232-4212
kpinckney@savagelawfirm.net
*Attorneys for Appellant*

- 12 -

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this brief complies with the page limitation of Fed. R. App. P. 32(a)(7)(B)(i) because this document contains 2604 words, excluding portions of the brief excluded by 11th Cir. R. App. P. 32-4.

I further certify this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because the brief has been prepared in a proportionally spaced typeface using Corel WordPerfect 2020 in 14-point Times New Roman.

**THIS <u>10th</u> DAY OF <u>MAY</u>, 2023.**

SAVAGE, TURNER, DURHAM,
PINCKNEY & SAVAGE

By:    /s/ ***Kathryn Hughes Pinckney***
Brent J. Savage
Georgia Bar No. 627450
Kathryn Hughes Pinckney
Georgia Bar No. 376110

102 East Liberty Street, 8th Floor
Post Office Box 10600
Savannah Georgia 31412
Phone:  (912) 231-1140
Fax: (912) 232-4212
kpinckney@savagelawfirm.net
*Attorneys for Appellant*

A

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 10, 2023, I electronically filed the foregoing

with the Clerk of the Court using CM/ECF system, which will automatically send

notice to the following CM/ECF participants:

Thomas W. Joyce, Esq.
Brandon A. Oren, Esq.
William B. McDavid, Esq.
Jones & Cork, LLP
P. O. Box 6437
Macon, GA 31208
tom.joyce@jonescork.com
brandon.oren@jonescork.com
will.mcdavid@jonescork.com

Sam D. Dennis, Esq.
Sam D. Dennis, P.C.
1107 N. Patterson Street
PO Box 1865
Valdosta, GA 31603
sam@samdennislaw.com

W. Kerry Howell
W. KERRY HOWELL, LLC
230 Third Street
Macon, GA 31201
(478)745-0111
wkhowell_law@bellsouth.net

John D. Holt, Esq.
John D. Holt, P.C.
203 East Gordon Street
P. O. Box 1571
Valdosta, GA 31603
john@jdholtlaw.com

**THIS <u>10th</u> DAY OF <u>MAY</u>, 2023.**

SAVAGE & TURNER, P.C.

By:    <u>/s/ ***Kathryn Hughes Pinckney***    </u>
Brent J. Savage
Georgia Bar No. 627450
Kathryn Hughes Pinckney
Georgia Bar No. 376110

102 East Liberty Street, 8th Floor
Post Office Box 10600

B

Savannah Georgia 31412
Phone:  (912) 231-1140
Fax: (912) 232-4212
kpinckney@savagelawfirm.net
*Attorneys for Appellant*

C